UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-23486-CIV-COOKE/GOODMAN

ETHERIA ROLLE-COLLIE,

    Plaintiff,

v.

STATE OF FLORIDA
DEPARTMENT OF TRANSPORTATION,

    Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON
DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

Defendant State of Florida Department of Transportation (the "State") filed a motion for attorney's fees and final judgment against Plaintiff Etheria Rolle-Collie. [ECF No. 114]. The State seeks $23,930 in attorney's fees. [ECF No. 114]. United States District Judge Marcia G. Cooke previously ruled on the issue of entitlement, finding that the State is entitled to its attorney's fees incurred in connection with a discovery hearing and Plaintiff's failure to attend her second deposition. [ECF No. 113]. Plaintiff filed a response in opposition to the motion for attorney's fees; and the State filed a reply. [ECF Nos. 115; 116].

For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant in part** and **deny in part** the State's motion for attorney's fees and award the State **$10,460** in attorney's fees.

I.  BACKGROUND

Rolle-Collie sued the State for employment discrimination, alleging that she was denied a promotion due to national origin and race discrimination. [ECF No. 1, p. 6]. Judge Cooke granted summary judgment in the State's favor and entered a final judgment for the State on December 27, 2018. [ECF Nos. 94; 96]. Subsequently, Judge Cooke granted in part the State's motion for entitlement to attorney's fees. [ECF No. 113]. Specifically, Judge Cooke, adopting the Undersigned's report and recommendations, granted the State's request for attorney's fees incurred in connection with (1) the discovery hearing held on January 24, 2018 and (2) Plaintiff's failure to attend her second deposition. *Id.* at p. 2. Judge Cooke directed the State to file a motion for these amounts, with sufficient billing records and cost-related documents. *Id.*

Thus, the State timely submitted its motion for attorney's fees, including the supporting billing records. [ECF No. 114]. Plaintiff, in her opposition response, does not appear to challenge any specific time entries, but she does appear to challenge defense counsel's hourly rates. [ECF No. 115].

## II.     REQUEST FOR ATTORNEY'S FEES

### a. Reasonable Attorney's Fees

The State seeks $23,930 in attorney's fees for 69.40 hours of work related to "certain discovery abuses by the Plaintiff," including a discovery hearing on January 24, 2018, and the Plaintiff's failure to appear for her deposition. [ECF No. 114, p. 1].

The Court must determine whether the requested amount of fees is reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). This amount is typically referred to as the "lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163-64 (11th Cir. 2008).

The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). This lodestar amount may then be adjusted upward or downward based upon other considerations. *Hensley*, 461 U.S. at 433-37. The applicant bears the burden of documenting the reasonableness of the hours expended and the hourly rate. *A.C.L.U. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

#### i. Reasonable Hours Expended

The Court must evaluate the reasonableness of the total hours expended by the State's counsel. In doing so, the Court should exclude compensation for hours that are "excessive, redundant or otherwise unnecessary." *Norman v. Hous. Auth. of the City of*

*Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (quoting *Hensley*, 461 U.S. at 434). Further, the Court must omit those hours that would be unreasonable to bill a client "irrespective of the skill, reputation, or experience of counsel." *Id.*

The Undersigned has reviewed the time entries. It appears that the State has included *all* its attorney's time in connection with discovery disputes, as opposed to the time incurred solely for the first discovery hearing (held on January 24, 2018) and Plaintiff's failure to attend the second deposition. As discussed above, Judge Cooke has granted the State's request for fees incurred in connection with two discrete events -- the first discovery hearing held on January 24, 2018 and Plaintiff's failure to attend her second deposition. Thus, the Undersigned recommends that entries that do not clearly relate to these specific events be excluded.

As it relates to attorney Christopher Whitelock, the January 24, 2018 entry includes the State's preparation of its own discovery responses, and thus should be reduced from 2.5 hours to 1 hour. [ECF No. 114-1, p. 6]. Next, the entries listed from February 7, 2018 to June 8, 2019 should be excluded. *Id.* These entries were all incurred after January 24, 2018, which is after the first discovery hearing took place, and do not appear to relate to Plaintiff's failure to attend her second deposition on June 28, 2018.

Next, Mr. Whitelock's 4.5-hour entry on June 28, 2018, for attending Plaintiff's second deposition and reviewing and revising summary judgment memorandum, should be reduced. Given the fact that Plaintiff did not attend the deposition, obviously

defense counsel did not incur 4.5 hours attending the deposition and time spent on the summary judgment memorandum is not clearly attributed to Plaintiff's failure to attend the deposition. *Id.* Thus, this number should be reduced from 4.5 hours to 1 hour. Further, Whitlock's entries on June 29, 2019, which are block-billed,[1] include activities that do not appear to be related to Plaintiff's failure to attend her second deposition. Thus, these entries should be reduced from 4.5 hours to 2 hours, and 3.5 hours to 2 hours.

Thus, in total, Mr. Whitelock's hours should be reduced from 31.10 hours to 13.7 hours.

Attorney David Frank's entries include similar issues. The time incurred beginning on January 24, 2018 (starting with "Conference with client regarding discovery responses") through June 8, 2019 should be excluded because the entries do not appear to relate to preparation for the discovery hearing on January 24, 2018; nor do they relate to the second deposition on June 28, 2019. [ECF No. 114-2, p. 10]. Next, the entry on June 29, 2019 should be reduced from 6.2 hours to 4.2 hours because it includes "finalizing summary judgment," which does not appear to be related to Plaintiff's second deposition. *Id*.

---

[1]  "'Block billing' occurs when an attorney lists all of the day's tasks on a case in a single entry and does not separate the tasks and the time spent working on those individual tasks as separate entries on billing records." *Plumbers & Pipefitters Union No. 421 Health & Welfare Fund v. Brian Trematore Plumbing & Heating, Inc.*, No. 5:11-CV-221, 2013 WL 3816660, at *4 (M.D. Ga. July 22, 2013).

5

Accordingly, Mr. Frank's hours should be reduced from 38.3 hours to 16.6 hours.

### ii. Reasonable Hourly Rate

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation. *See Norman*, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id.* In determining the prevailing market rate, the Court should consider several factors, including: "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996).

Here, Mr. Whitelock's hourly rate is $400 and Mr. Frank's hourly rate is $300. Mr. Whitelock has been practicing law for more than twenty years. And Mr. Frank has been practicing for approximately seven years. The Undersigned finds both of these rates to be in line with rates approved in other cases in this district. *See James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1350 (S.D. Fla. 2007) (finding that rate of $450 was reasonable for attorney practicing in specialty for over ten years); *see also Parrot, Inc. v. Nicestuff Distrib. Int'l, Inc.*, No. 06-61231-CIV, 2010 WL 680948, at *12 (S.D. Fla. Feb. 24, 2010) (finding that $335 per hour for a six-year associate was reasonable).

Therefore, after weighing all the evidence submitted and the relevant factors, including awards in similar cases, Mr. Whitelock's experience, Mr. Frank's experience, and the skill required to perform the work in this type of case, the Undersigned finds that the hourly rate sought of $400 an hour for Mr. Whitelock's time, and $300 an hour for Mr. Frank's time, is reasonable.

### III. CONCLUSION

For the reasons discussed above, the Undersigned **respectfully recommends** that the District Court **grant in part** and **deny in part** the State's motion for attorney's fees and award the State **$10,460** in attorney's fees, and enter a final judgment in the State's favor including this amount.[2]

### IV. OBJECTIONS

The parties will have **10** days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge.[3] Each party may file a response to the other party's objection within **10** days of the objection. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in

---

[2] The State submitted a proposed final judgment. [ECF No. 114-4]. If this Report and Recommendations is adopted, the amount of attorney's fees should be revised to $10,460.

[3] The time period for objections is being shortened because this is a relatively routine motion and Judge Cooke has previously ruled on the entitlement of fees.

7

this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, August 13, 2020.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke

Etheria Rolle-Collie
19821 N.W. 2nd Avenue
#174
Miami, Florida 33169
*Pro se*

All Counsel of Record